IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY P. PARKER                                              PLAINTIFF

v.                          Case No. 06-5012

STONEBRIDGE LIFE INSURANCE COMPANY                          DEFENDANT

## ORDER

Now on the 9th day of August, 2006, comes on for consideration defendant Stonebridge Life Insurance Company's **Motion to Dismiss (doc. #3)** and the Court, being well and sufficiently advised, finds and orders as follows with respect to the same.

1. The Court first notes that, when responding to defendant's motion to dismiss, plaintiff attached to its **Plaintiff's Reply Brief to Motion To Dismiss** (doc. #6-1) the affidavit of plaintiff, Mary Parker. In part, plaintiff relied upon the contents of this affidavit in her opposition to defendant's motion to dismiss.

Thereafter, in its **Reply in Support of Defendant's Motion To Dismiss** (Doc. # 9), defendant noted that the Court has complete discretion to determine whether to consider matters outside the pleadings and, that if materials outside the pleadings are presented to the Court and not excluded, the motion must be

converted into a Rule 56 motion for summary judgment. Defendant does not urge the Court toward either option, saying only that it should prevail no matter whether its motion is considered under Rule 12(b)(6) or Rule 56.

2. Plaintiff and defendant agree that "[t]he only point in controversy between [them] is whether the 90-day provision in Stonebridge Life's policy is contrary to public policy."; and they further agree that the Arkansas courts have never decided that particular issue.

3. The so-called 90-day provision in controversy reads as follows:

> If, as a result of injury (covered under the policy and not otherwise excluded), a Covered Person suffers any of the following losses **within 90 days after the date of an accident which caused such injury**, we will pay the benefit shown below: (Emphasis added).

See Schedule of Benefits in policies.

4. Neither party suggests that the language in controversy is ambiguous and it is the Court's view that it is not.

5. In light of the foregoing, the Court determines that it is not appropriate to consider matters outside the pleadings in ruling on Stonebridge Life Insurance Company's **Motion to Dismiss (doc. #3)** and will, therefore, not take into account the

affidavit of plaintiff which is attached to **Plaintiff's Reply Brief to Motion To Dismiss** (doc. #6-1).

6. The plaintiff, Mary P. Parker, originally filed this action in the Washington County Circuit Court, Washington County, Arkansas and the defendant, Stonebridge Life Insurance Company (hereinafter "Stonebridge") removed the matter to this Court on January 17, 2006, citing diversity jurisdiction.

In the plaintiff's complaint, she seeks to recover insurance benefits allegedly due her as the primary beneficiary under three insurance policies on her husband's life. She asserts that Stonebridge committed a breach of contract by failing to pay her the $250,000.00 benefits upon the death of her husband on September 6, 2004.

7. As already noted, Stonebridge filed the instant motion to dismiss and plaintiff has resisted the same.

(a) Stonebridge says that the plaintiffs' complaint should be dismissed for failure to state a claim because it is undisputed that Timothy Parker's death occurred more than ninety (90) days after the automobile accident which caused his injuries.[1]

---

[1] For the purposes of this motion only, Stonebridge assumes that Timothy Parker's death was causally related to the automobile accident.

(b) Although plaintiff agrees there is no dispute that Timothy Parker's death was beyond the ninety (90) day time limit, she argues that the ninety (90) day exclusion is contrary to the law and against public policy in that it "requires and encourages a potential beneficiary to potentially withhold life saving measures in order to receive the benefit of the contract." Complaint, ¶ 11. Based upon this contention, plaintiff urges the Court to determine and hold, as a matter of law, that the ninety (90) day exclusion period violates the public policy of the State of Arkansas and is, therefore, invalid and unenforceable with respect to her claims.

8. The standard to be applied to a motion to dismiss under Rule 12(b)(6) requires the Court to accept as true the allegations of fact set out in the challenged complaint but must give "no effect to conclusory allegations of law." **Mattes v. ABC Plastics, Inc.**, **323 F.3d 695 (8th Cir. 2003)**. The motion can be properly granted only if, accepting all of plaintiff's allegations to be true and, according to her, all reasonable inferences to be drawn therefrom, it appears that plaintiff can prove no set of facts which would entitle her to the relief sought. **Stahl v. U.S. Dept. of Agriculture**, **327 F.3d 697, 700**

(8th Cir. 2003), citing <u>Schaller Tel. Co. v. Golden Sky Sys., Inc.</u> 298 F.3d 736, 740 (8th Cir. 2002).

9. A review of plaintiff's complaint and the exhibits attached thereto, reveal the following material factual allegations which, for purposes of this ruling, will be accepted as being true:

\*   That on March 8, 1999, Stonebridge -- for the consideration of monthly premiums of $9.95 to be paid by charges to plaintiff's Citibank Card -- issued to Timothy Parker a policy of insurance on his life for Accident Coverage only, in the sum of $100,000.00 (Policy No. 82AN2V4508). The policy was issued to Timothy Parker as insured and was payable to the plaintiff as primary beneficiary and wife of the insured. The policy provided for coverage "if the insured suffered a loss of life within 90 days after the date of an accident. . ."

\*   That on May 28, 2003, Stonebridge -- for the consideration of monthly premiums of $9.95 to be paid by charges to plaintiff's Discover Card -- issued to Timothy Parker a policy of insurance on his life for Accident Coverage only, in the sum of $100,000.00 (Policy No. 86AW9P7260). The policy was issued to Timothy Parker as insured and was payable to the plaintiff as primary beneficiary and wife of the insured. The policy provided

for coverage "if the insured suffered a loss of life within 90 days after the date of an accident. . ."

* That on October 28, 2003, Stonebridge -- for the consideration of monthly premiums of $9.95 to be paid by charges to plaintiff's Bank of America Card -- issued to plaintiff, Mary Parker, a policy of insurance, for Accident Coverage only, in the sum of $50,000.00 (Policy No. 82AX2J1183). The policy covered plaintiff, as well as her family (including Timothy Parker), and was to be payable to plaintiff as the primary beneficiary in the event of the death of her spouse, Timothy Parker. The policy provided that it would be  was payable to the plaintiff as primary beneficiary and wife of the insured -- and provided for coverage "if the insured suffered a loss of life within 90 days after the date of an accident. . ."

* That Each policy of insurance includes the following section entitled "Accidental Death and Dismemberment":

> **ACCIDENTAL DEATH AND DISMEMBERMENT.** If, as a result of injury occurring under any of the circumstances listed in the Coverage section, and not otherwise excluded, a Covered Person suffers any of the following Losses within 90 days after the date of an accident which caused such injury, we will pay the benefit shown below:

*　That all premiums due on the policies were paid in a timely fashion and the policies were in full force and effect at all times relevant to this case.

　　*　That on January 15, 2004, Timothy Parker was involved in an automobile accident in which he suffered a closed head injury and, as a result, he received medical care for eight months following the accident -- up until the time of his death on September 6, 2004.

　　*　That on September 6, 2004, Timothy Parker died.

　　*　That plaintiff filed her claims and made proper proofs of loss in a timely manner.

　　*　That defendant denied plaintiff's claims in reliance on the policy language which requires that, for coverage to exist, a loss must occur within 90 days after the date of the accident which caused the injuries resulting in the loss.

　　10.　Since jurisdiction in this matter is based upon on diversity of citizenship, the Court is obliged to look to Arkansas state law when interpreting the provisions of the insurance policies. <u>Shelter Ins. Companies v. Hildreth</u>, 255 F.3d 921 (8th Cir. 2001).

　　In Arkansas, it is settled law that "[a]n insurer may contract with its insured upon whatever terms the parties may

agree upon which are not contrary to statute or public policy." Aetna Ins. Co. v. Smith, 568 S.W.2d 11, 13 (Ark. 1978). Further, "the Court is to determine the plain and ordinary meaning of an insurance contract as a matter of law." Id. at 925. An exclusionary clause is subject to the same rules of contract construction – its terms must be expressed in clear and unambiguous language. Id. *See also* Norris v. State Farm Fire & Casualty Co., 16 S.W.3d 242, 244 (Ark. 2000). Further, insurance policies are to be construed liberally, in favor of the insured. Bakker v. Continental Cas. Ins. Co., 941 F.Supp. 828 (W.D. Ark. 1996). "However, this does not provide the court with license to rewrite the policy, or to import an ambiguity that does not exist, or to force an unnatural or perverted meaning from plain words under the guise of construction." Id. at 829.

In this case, plaintiff argues that the insurance policies issued by Stonebridge are against public policy due to the requirement that, in order to be a covered loss, death must occur within ninety (90) days after the date of an accident. Defendant contests this conclusion.

As already noted, the parties agree that the Arkansas state courts have not yet addressed a ninety (90) day requirement such as the one at bar. In such a case, this Court is obliged "to

8

predict how the Arkansas Supreme Court would resolve the issue if confronted with it."  *See* Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993)(citing Commissioner v. Estate of Bosch, 387 U.S. 456 (1967)).

Turning to that task, the Court notes that, under Arkansas law, "[t]he general rule is that a contract is against public policy if it is injurious to the interests of the public, or contravenes some established interest of society or some public statute, or is against good morals, or tends to interfere with the public welfare."  Canal Ins. Co. v. Ashmore, 126 F.3d 1083, 1087 (8th Cir. 1997)(quoting Blue Cross & Blue Shield v. Hicky, 900 S.W.2d 598, 600 (Ark. App. 1995)).  *See also* Shelter General Ins. Co. v. Williams, 867 S.W.2d 457 (Ark. 1993).  And, the public policy of the state of Arkansas "is found in its constitution and statutes."  Guaranty Nat. Ins. Co. v. Denver Roller, Inc., 854 S.W.2d 312, 318 (Ark. 1993).

(a)  Plaintiff argues that the ninety (90) day exclusion is contrary to the law and against public policy in that it "requires and encourages a potential beneficiary to potentially withhold life saving measures in order to receive the benefit of the contract."  In support of her position, the plaintiff points to an Arkansas statute which makes it a crime for a guardian, or

9

person charged with the care, custody or supervision of an incompetent person to purposely desert the incompetent "under circumstances creating a substantial risk of death or serious physical injury." *See* Ark. Code Ann. § 5-27-201. She argues that, in light of this statute, she "had a duty to take care of her husband as best she could or in the alternative potentially be held criminally liable for endangering the welfare of an incompetent person." However, plaintiff cites no case which so construes the statute in question. Presumably this argument is advanced to convince the Court that 90 day limitation here involved is against the Public Policy of Arkansas because the Legislature has seen fit to enact legislation protecting children and other incompetents.

This argument is not persuasive. This particular statute proscribes the conduct of one who is "a parent, guardian, person legally charged with care or custody of an incompetent person, or a person charged with supervision of an incompetent person. ." There is no allegation in plaintiff's complaint that she was ever appointed legal guardian of her husband or that she was otherwise a "person legally charged with care or custody of an incompetent person; or a person charged with supervision of an incompetent person" with respect to him. In the Court's view, the statute

in question neither establishes the public policy of the State of Arkansas on the issue in question nor does it otherwise have relevance to the inquiry.

(b) As a further reason why the Court ought to declare the 90-day provision void as being in violation of Arkansas' Public Policy, plaintiff says there is "legal authority to refer to when trying to determine if the ninety day exclusion is valid." She argues that, pursuant to several statutes -- including **Ark. Code Ann. Section 23-61-108** -- the Arkansas Insurance Commission has set guidelines that insurance policies must follow to be in compliance with Arkansas law.  Specifically, she says, the guidelines so set by the Commission include the following section 7, Disability Minimum Standards of Benefits, A, General Rules

> Accidental death and dismemberment benefits shall be payable if the loss occurs within ninety (90) days from the date of the accident, irrespective of total disability.  However, no claim shall be denied wherein the insured with the use of extraordinary life support systems delays the loss for more than ninety (90) days from the date of the accident.

Plaintiff argues, based upon the foregoing rule and regulation, that ". . . Arkansas seems to be more inclined to adopt the minority view and has, in fact, adopted a rule that specifically sets forth the right of a victim to try to save their life and seek medical care to do so without suffering the

11

unintended consequences of losing all benefits for their family should they exceed the ninety day limitation." Plaintiff then states:

> Once the Insurance Commissioner adopted this regulation it became a part of Arkansas law **and specifically overruled any ninety day limitation as applied to the facts of this case**. (Emphasis added)

The Court specifically rejects plaintiff's conclusion that Rule and Regulation 18 "became a part of Arkansas law and specifically overruled any ninety day limitation . . ." which might otherwise apply under Arkansas law. **Ark. Code Ann. Section 23-61-108(a)(2)** -- as cited by plaintiff -- provides as follows with respect to rules or regulations which might be made by the Insurance Commissioner:

> No rule or regulation shall extend, modify, or conflict with any law of this state or the reasonable implications thereof.

Thus, contrary to plaintiff's arguments, the Court does not believe that the rule or regulation relied upon can properly be seen as changing Arkansas law which, for many years, has permitted insurance companies to make insurance contracts featuring time limitations such as the one now being challenged.

With respect to plaintiff's argument concerning the Arkansas Insurance Commission Rule and Regulation 18, Stonebridge argues that -- far from disapproving of a ninety day provision -- the

12

rule actually *includes* the ninety (90) day limitation at issue. Anticipating that the Court might consider plaintiff's affidavit (which it is not going to do), defendant went on to argue that the exception to the rule does *not* apply to the plaintiff because "extraordinary life support systems" were not utilized by Timothy Parker and did not delay his death for more than ninety (90) days from the date of the accident. On this point, defendant suggests that "[t]he Court can take judicial notice of the fact that what Plaintiff describes in her affidavit does not constitute extraordinary life support, such as artificial nutrition or hydration."

As noted, the Court is not considering the affidavit in question. Accordingly, there is no need to address this argument further.

Defendant goes on to argue, however, that "the vast majority of courts addressing a public policy challenge to the 90-day limitation have upheld the limitation." It points to <u>Hawes v. Kansas Farm Bureau</u>, 710 P.2d 1312 (Kan. 1985) and <u>Cornellier v. American Cas. Co.</u>, 389 F.2d 641 (2nd Cir. 1968) as instructive on the issue. In <u>Hawes</u>, the plaintiff challenged a similar ninety (90) day limitation, arguing that it was invalid and unenforceable because it was against public policy. The Supreme

Court of Kansas noted that "[n]inety-day or one-hundred-twenty-day limitations in accidental death double indemnity provisions appear to have been quite standard in life insurance policies for many years;" and, noted that generally, courts presented with the argument that such limitations are "unreasonable, unconscionable, or against public policy" have, nevertheless, upheld the policies. 710 P.2d at 1315. The Kansas court further noted that "[t]he few courts in other jurisdictions which have invalidated such limitations on public policy grounds have generally not done so on an across-the-board basis. Rather, the limitation is held not to be enforceable under the facts presented in the particular case." Id. The Kansas court concluded that the "ninety-day limitation on the life insurance accidental death double indemnity provision is not contrary to the public policy of Kansas. Such limitations are long-established provisions in life insurance policies." Id. at 1319.

In reaching its conclusions, the **Hawes** court quoted extensively from a decision of the Supreme Court of Illinois stating its belief that it was quite similar to the one at bar. This Court likewise believes that the facts in the decision in question -- **Kirk v. Financial Security Life Ins. Co., 75 Ill.2d 367, 27 Ill.Dec. 332, 389 N.E.2d 144 (1978)** -- are quite similar

to those in the case at bar.  This Court will not quote extensively from **Kirk** but, like the Kansas court in **Hawes** will express the view that the Illinois Supreme Court "got it right" when it concluded:

> This is not a matter where public policy is so clear that objective criteria compel us to hold the 90-day limitation invalid.

Similarly, in Cornellier, a Vermont court upheld a ninety (90) day exclusion, stating:

> In ruling on this question, we must keep in mind that a court's power to invalidate contractual provisions as offensive to public policy is not exercised in every case in which the contract may seem to operate harshly on one of the parties.  As a general rule, parties to a contract are bound by its provisions and an insured is entitled only to the coverage for which he contracted; it is not the function of a court to rewrite insurance policies so as to provide coverage which the court might have considered more equitable.

Cornellier v. American Cas. Co., 380 F.2d at 644.

11.  Having reviewed the pleadings of the parties and the authorities pertinent to the issues presented, the Court believes that the Arkansas courts would not find the ninety (90) day limitation so unreasonable or injurious to be against the public interest and, therefore, unenforceable.

As previously established, the Arkansas courts have not specifically addressed the issue at bar.  However, this Court is persuaded by the reasoning of other courts presented with similar

15

issues -- primarily that "that there is a public interest in allowing insurers to impose reasonable limitations on their risks and in upholding such limitations when agreed upon by contracting parties." Jurrens v. Hartford Life Ins. Co., 190 F.3d 919, 924 (8th Cir. 1999). And, according to Arkansas case law, "[t]he power of the courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt." Watts v. Life Ins. Co. of Arkansas, 782 S.W.2d 47, 50 (Ark. App. 1990)(quoting Sirman v. Sloss Realty Co., 129 S.W.2d 602 (Ark. 1939)).

12. Based on the foregoing, the Court concludes that plaintiff can prove no set of facts alleged in her complaint which would entitled her to the relief she is seeking. Accordingly, Stonebridge Life Insurance Company's **Motion to Dismiss (doc. #3)** should and will be **granted** and plaintiff's complaint is, hereby, dismissed.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE